PAINE HAMBLEN, P.S.
MATTHEW W. DALEY, WSBA # 36711
717 W. Sprague Avenue, Suite 1200
Spokane, Washington 99201
Telephone: (509) 455-6000
mwd@painehamblen.com

*Counsel for the SHV Plaintiffs*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SPOKANE HOUSING VENTURES, a Washington non-profit Corporation, NOR'WEST VILLAGE – Port Townsend, LLC, a Washington limited liability company, NAHA DANWOOD LIMITED PARTNERSHIP, a Washington limited partnership, GLACIER VILLAGE-EATONVILLE, LLC, a Washington limited liability company, BISHOP PARK APARTMENTS – PORT TOWNSEND, LLC, a Washington limited liability company, and NAHA-HILLTOP ASSOCIATES LIMITED PARTNERSHIP, a Washington limited Partnership.<br><br>Plaintiff,<br>v.<br><br>CASCADE MANAGEMENT, INC., an Oregon Corporation<br><br>Defendant. | No.<br><br>COMPLAINT FOR BREACH OF CONTRACT |

The Plaintiffs, Spokane Housing Ventures, Nor'West Village – Port Townsend, LLC, NAHA Danwood Limited Partnership, Glacier Village-Eatonville, LLC, Bishop Park Apartments – Port Townsend, LLC, and NAHA – Hilltop Associates Limited Partnership (collectively, the "SHV Plaintiffs") by and through its undersigned counsel, for causes of action against the Defendant, Cascade Management, Inc., states, avers, and alleges as follows:

## I. PARTIES & THEIR RELATIONSHIP TO ONE ANOTHER

1.1 The Plaintiff, Spokane Housing Ventures, is a Washington nonprofit corporation that, by and through subsidiaries and affiliates owns and operates low-income/subsidized housing communities in several Washington State counties.

1.2 Spokane Housing Ventures' principal place of business is in the State of Washington.

1.3 The Plaintiff, Nor'West Village – Port Townsend, LLC is a Washington limited liability company and the owner of one of the Subject Properties (as defined herein), to wit: a 30-unit housing community located in Jefferson County, Washington, at 1921 Sherman Street, Port Townsend, Washington.

1.4 The members of Nor'West Village – Port Townsend, LLC are citizens of the States of Washington and California for purposes of Federal Court jurisdiction.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

1.5 The Plaintiff, NAHA – Danwood Limited Partnership, is a Washington limited partnership and the owner of one of the Subject Properties (as defined herein), to wit: a 40-unit housing community located in Kitsap County, Washington, at 9711 Danwood Lane, Silverdale, Washington.

1.6 The partners of NAHA – Danwood Limited Partnership are citizens of the State of Washington for purposes of Federal Court jurisdiction.

1.7 The Plaintiff, Glacier Village – Eatonville, LLC is a Washington limited liability company and the owner of one of the Subject Properties (as defined herein), to wit: a 28-unit housing community located in Pierce County, Washington, at 212 Glacier Avenue North, Eatonville, Washington.

1.8 The members of Glacier Village – Eatonville, LLC are citizens of the States of Washington, Delaware, and California for purposes of Federal Court jurisdiction.

1.9 The Plaintiff, Bishop Park Apartments – Port Townsend, LLC is a Washington limited liability company and the owner of one of the Subject Properties (as defined herein), to wit: a 30-unit housing community in Jefferson County, Washington, at 819 Hancock Street, Port Townsend, Washington.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

1.10 The members of Bishop Park Apartments – Port Townsend, LLC are citizens of the States of Washington, Delaware, and California for purposes of Federal Court jurisdiction.

1.11 The Plaintiff, NAHA – Hilltop Associates Limited Partnership is a Washington limited partnership and the owner of one of the Subject Properties (as defined herein), to wit: a 35-unit housing community located in Clallam County, Washington, at 1914 South Pine Street, Port Angeles, Washington.

1.12 The partners of NAHA – Hilltop Associates Limited Partnership are citizens of the State of Washington for purposes of Federal Court jurisdiction.

1.13 The above-described properties are hereinafter referred to as the “Subject Properties.”

1.14 Each of the SHV Plaintiffs is duly authorized to do business in the State of Washington.

1.15 The Defendant, Cascade Management, Inc., (“Cascade”) is an Oregon corporation authorized to do business in the State of Washington.

1.16 Cascade’s principal place of business is in the State of Oregon.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

1.17 Cascade provides property management services for housing providers and property owners, including low-income/subsidized housing communities.

1.18 By five separate written management agreements, the SVH Plaintiffs retained Cascade to serve as the property manager for each of the Subject Properties.

## II. JURISDICTION & VENUE

2.1 The SHV Plaintiffs reasserts and realleges each of the preceding allegations and averments as though fully set forth herein.

2.2 The United States District Court for the Western District of Washington enjoys jurisdiction over the parties. The SHV Plaintiffs own real property located in this District (the Subject Properties). Additionally, the SHV Plaintiffs' claims arise directly out of and relate to Cascade's forum-related contacts, specifically the management of the Subject Properties, each of which is located within this District.

2.3 The United States District Court for the Western District of Washington enjoys jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C §1332 (diversity jurisdiction).

2.4 There is complete diversity between the parties. Cascade is a citizen of the State of Oregon for purposes of Federal Court jurisdiction, and none of the SHV Plaintiffs are a citizen of the State of Oregon for purposes of Federal Court jurisdiction.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

2.5 The amount in controversy in this matter exceeds $75,000.00.

2.6 Venue properly lies within the Western District of Washington as the Subject Properties are each within the District and as the events giving rise to this suit occurred within the District.

2.7 Pursuant to FRCP 20(a)(1) the SHV Plaintiffs may bring the claims herein in a single action because: (1) the claims assert a right to relief jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law and fact with respect to each such claim.

**III. FACTS**

3.1 The SHV Plaintiffs reasserts and realleges each of the preceding allegations and averments as though fully set forth herein.

3.2 The SHV Plaintiffs are the owners of five housing communities that provide housing to low-income individuals in Kitsap, Jefferson, Clallam, and Pierce Counties.

3.3 The Subject Properties are subject to and bound by certain rules and regulations promulgated by the Subject Properties' Federal funding sources that require the SHV Plaintiffs (through its property manager, Cascade) to, among other things, abide by certain tenant income and reporting requirements.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

3.4 The Management Agreements (hereinafter defined) required Cascade to ensure that the Subject Properties remain in compliance with all applicable rules and regulations promulgated by the Subject Properties' Federal funding sources; the Management Agreements also impose additional obligations on Cascade related to the management and administration of the Subject Properties.

3.5 The SHV Plaintiffs retained Cascade to oversee the management and operations of each of the Subject Properties. Cascade promised to adhere to all applicable regulations and the terms of the Management Agreements. Cascade failed in both respects, the result of which has caused the SHV Plaintiffs to suffer substantial monetary damages.

**A. THE MANAGEMENT AGREEMENTS.**

3.6 On or about December 1, 2021, the SHV Plaintiffs and Cascade executed five written management agreements (the "Management Agreements") wherein the SHV Plaintiffs appointed Cascade to act as the property manager for each of the Subject Properties.

3.7 The terms of each of the Management Agreements are substantively identical, except that each Management Agreement pertains to one of the Subject Properties.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

3.8 Each of the Management Agreements is between Cascade, Spokane Housing Ventures, and the owner of the relevant Subject Property.

3.9 After the execution of the Management Agreements, Cascade, through their agents and employees, began to operate and manage the Subject Properties for the benefit of the SHV Plaintiffs.

**B. CASCADE'S MISMANAGEMENT OF THE SUBJECT PROPERTIES.**

3.10 After Cascade began overseeing operations at the Subject Properties the SHV Plaintiffs became aware of several material violations of the Management Agreements.

3.11 In response to these violations, as well as the SHV Plaintiffs' general concern that the Subject Properties were being improperly managed, the SHV Plaintiffs terminated each of the Management Agreements.

3.12 On May 8, 2026, counsel for the SHV Plaintiffs informed Cascade that the termination of each of the Management Agreements would be effective as of June 30, 2026.

3.13 Thereafter, the SHV Plaintiffs placed their own employees on site at each of the Subject Properties to ensure that the administration and management was done in a manner to preserve the value of the Subject Properties and the safety of their tenants, while the Subject Properties' administration and management was transitioned to another



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

provider. This caused the SHV Plaintiffs to incur otherwise unnecessary costs and expenses because of Cascade's several breaches of the Management Agreements.

3.14 At termination the SHV Plaintiffs conducted an internal audit of Cascade's performance under the Management Agreements as well as the Subject Properties' financial condition to assess Cascade's compliance with its contractual obligations and its claimed entitlement to additional management fees for the Subject Properties.

3.15 The result of this audit has shown that Cascade has materially breached each of the Management Agreements due to the following:

a. Cascade has failed to comply with applicable Federal regulations in the performance of its management obligations by failing to properly conduct annual recertifications for properties subject to both Rural Development and Low-Income Housing Tax Credit programs;

b. Cascade has failed to prepare and submit a new budget for the most recent fiscal year to the SHV Plaintiffs for their review and approval;

c. Cascade has failed to comply with its marketing obligations imposed by the Management Agreements by failing to



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

effectively market and fill long-standing unit vacancies, some of which have remained vacant for approximately 2 years;

d. Cascade has failed to consistently furnish the SHV Plaintiffs with rent and tenant income reports as required by applicable regulations;

e. Cascade failed to properly remediate storm damage at the Hilltop Ridge Property, causing the SHV Plaintiffs to incur repair-related costs and damages. Cascade failed to timely address the storm damage, allowing severe water intrusion in the affected units and subsequent mold development. The SHV Plaintiffs retained and paid a site rehabilitation company to restore the affected units, an obligation of Cascade pursuant to the Management Agreements. These units sat vacant from 2022-2026 causing the SHV Plaintiffs to lose out on collecting substantial rents;

f. Cascade has failed to keep the SHV Plaintiffs apprised of issues which materially affect the Subject Properties, including but not limited to, communications regarding income reports, status of unit vacancies, property damage, and tenant income recertifications. Cascade's failure to properly inform the SHV Plaintiffs of these material issues has impacted its ability to file for and obtain tax exemptions, increasing the SHV Plaintiffs' tax liability;



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

g. Cascade has failed to properly collect and disburse rents, charges, and other amounts receivable, which has negatively impacted the Subject Properties value and operations;

h. Cascade has failed to properly commence evictions, seek judgments, and efficiently turn units in violation of its obligations to timely and properly enforce the leases for the Subject Properties.

3.16 Each of the above-described breaches is a material violation of the terms of each of the Management Agreements by Cascade.

3.17 Despite its mismanagement of the Subject Properties, Cascade presently claims that it remains entitled to additional management fees under the Management Agreements. Those fees, however, are payable from the Subject Properties' operating accounts, which depend on properly collected rent. Cascade's failure to comply with the Management Agreements, including its failure to collect rent and enforce leases, bars Cascade's entitlement to management fees.

## C. The City Code Violation

3.18 On or about April 3, 2026, the City of Port Townsend issued a Notice of Violation against the Nor' West Village Property for issues related to: (1) unsafe conditions, (2) nuisance conditions, namely the presence of materials which constituted a fire hazard, and (3) the failure to maintain the required trash service.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

3.19 These code violations were the direct result of Cascade's mismanagement of the Nor' West Village Property and its failure to faithfully perform its duties under the Management Agreements.

3.20 Pursuant to the Management Agreements Cascade agreed to take those actions necessary to "comply promptly with any and all government orders or other requirements affecting the Project (here, the Nor' West Village Property), whether imposed by federal, state, or municipal authority…"

3.21 The issuance of the Notice of Violation by the City of Port Townsend (along with Cascade's failure to adequately respond thereto) demonstrates Cascade's material breach of this covenant.

3.22 Cascade was put on notice of the several material violations of the City of Port Townsend's municipal code but failed to take the necessary remedial action.

3.23 Cascade's inaction caused penalties from the City of Townsend to begin accruing. Cascade's inexcusable delay has caused the SHV Plaintiffs to suffer accrued penalties in the amount of $127,500.00 (which continues to accrue as the Nor' West Village Property remains out of compliance).

3.24 As part of the SHV Plaintiffs' settlement efforts with the City of Port Townsend, the SHV Plaintiffs agreed to impose a restrictive covenant on the Nor' West Village Property requiring the SHV Plaintiffs,



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

and any subsequent owner, to rent only to qualifying low-income individuals for the next three years. The settlement agreement also required the SHV Plaintiffs to pay a $5,000.00 penalty to the City of Port Townsend because of Cascade's failure to remediate these code violations.

3.25 This restriction prevents the SHV Plaintiffs from enjoying the benefit of the full value and marketability of the Nor' West Village Property – which was assessed in 2026 at approximately $1.5 Million.

3.26 Due to Cascade's breach of the Management Agreements the SHV Plaintiffs property interest in the Nor' West Village Property has become considerably less valuable due to the imposed sale restriction.

3.27 The diminution in value of the Nor' West Village Property is the direct and proximate result of Cascade's breach and has left with the SHV Plaintiffs with property that is significantly less marketable, the extent of this diminution in value is to be proven at trial.

## IV. CAUSE OF ACTION: BREACH OF CONTRACT

4.1 The SHV Plaintiffs reasserts and realleges each of the preceding allegations and averments as though fully set forth herein.

4.2 The Management Agreements between the SHV Plaintiffs and Cascade are each a valid, enforceable, and binding contract, and all provisions of said Management Agreements are valid, enforceable, and binding.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

4.3 Pursuant to the Management Agreements, Cascade was responsible for the proper management of the Subject Properties and the tenants therein, including abiding by all applicable regulations, preparing and submitting annual budgets satisfactory to the SHV Plaintiffs, marketing the Subject Properties and filling vacancies, furnishing accurate rent and income reports, complying with applicable federal, state, and local laws, timely remediating property damage and code violations, advising the SHV Plaintiffs of material issues affecting the Subject Properties, collecting and disbursing rents and other amounts receivable, and timely enforcing tenant leases.

4.4 By failing to satisfy its contractual obligations, including the duties identified above, Cascade deprived the SHV Plaintiffs of the performance promised under the Management Agreements. Cascade's failure to comply with those duties constitutes a breach of the Management Agreements, including the duty of good faith and fair dealing.

4.5 Cascade's breach of contract has caused the SHV Plaintiffs damages in an amount to be proven at trial, including but not limited to the diminution in value of the Nor' West Village Property, any fines assessed by local municipalities, rent and other tenant costs which have not been properly collected and reported by Cascade, property damage to the Subject Properties that was not promptly remediated by Cascade, and the diminished value of the Subject Properties resulting from Cascade's failure



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

to adequately lease and operate the Subject Properties, thereby depriving the SHV Plaintiffs of the full use and enjoyment of the Subject Properties.

**V. REQUEST FOR RELIEF**

WHEREFORE, the SHV Plaintiffs prays for relief and judgment against Cascade as follows:

5.1 Awarding the SHV Plaintiffs a monetary judgment in an amount to be proven at trial;

5.2. Awarding the SHV Plaintiffs damages for its costs and reasonable attorneys' fees incurred in this action under contract and/or applicable law;

5.3 Awarding the SHV Plaintiffs pre-judgment and post-judgment interest at the highest rate allowed by law;

5.4 Awarding the SHV Plaintiffs its costs and reasonable attorneys' fees incurred in collecting on said judgment;

5.5 For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED, this twenty-first (21st) day of September 2026.

**PAINE HAMBLEN, P.S.**

[signature]

MATTHEW W. DALEY, WSBA # 36711
717 West Sprague Avenue, Suite 1200
Spokane Washington 99201
mwd@painehamblen.com
*Counsel for the SHV Plaintiffs*