UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SPOKANE HOUSING VENTURES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CASCADE MANAGEMENT INC.,<br><br>Defendant. | CASE NO. 3:26-cv-06150-BHS<br><br>DEFENDANT CASCADE MANAGEMENT, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM |

Defendant Cascade Management, Inc. ("Cascade" or "Defendant"), in response to Plaintiffs Spokane Housing Ventures, Nor'West Village-Port Townsend, LLC, NAHA-Danwood Limited Partnership, Glacier Village-Eatonville, LLC, Bishop Park Apartments-Port Townsend, LLC, and NAHA-Hilltop Associates Limited Partnership (collectively, "SHV" or "Plaintiffs") Complaint for Breach of Contract ("Complaint"), answers and alleges as follows:

## I. PARTIES & THEIR RELATIONSHIP TO ONE ANOTHER

1.1 Admit.

1.2 Defendant lacks sufficient information to admit or deny the allegations in paragraph 1.2 and, therefore, denies them.

1.3 Admit.

1.4 Defendant lacks sufficient information to admit or deny the allegations in paragraph 1.4 and, therefore, denies them.

1.5 Admit.

1.6 Defendant is without knowledge or information sufficient to form a belief as to the



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

truth of the allegations contained in paragraph 1.6 and, therefore, denies them.

1.7 Admit.

1.8 Defendant lacks sufficient information to admit or deny the allegations in paragraph 1.8 and, therefore, denies them.

1.9 Admit.

1.10 Defendant lacks sufficient information to admit or deny the allegations in paragraph 1.10 and, therefore, denies them.

1.11 Admit.

1.12 Defendant lacks sufficient information to admit or deny the allegations in paragraph 1.12 and, therefore, denies them.

1.13 Admit.

1.14 Defendant lacks sufficient information to admit or deny the allegations in paragraph 1.14 and, therefore, denies them.

1.15 Admit.

1.16 Admit.

1.17 Admit.

1.18 Admit.

## II. JURISDICTION & VENUE

2.1 Defendant restates all previous responses as though said responses are set out fully herein.

2.2 Defendant lacks sufficient information to admit or deny the allegations in paragraph 2.2 and, therefore, denies them.

2.3 Defendant lacks sufficient information to admit or deny the allegations in paragraph 2.3 and, therefore, denies them.

2.4 Defendant admits that it is incorporated in the State of Oregon. As for the remaining allegations in paragraph 2.4, Defendant lacks sufficient information to admit or deny the remaining



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

allegations in paragraph 2.4 and, therefore, denies them.

2.5 Defendant lacks sufficient information to admit or deny the allegations in paragraph 2.5 and, therefore, denies them.

2.6 Defendant lacks sufficient information to admit or deny the allegations in paragraph 2.6 and, therefore, denies them.

2.7 Defendant lacks sufficient information to admit or deny the allegations in paragraph 2.7 and, therefore, denies them.

## III. FACTS

3.1 Defendant restates all previous responses as though said responses are set out fully herein.

3.2 Admit.

3.3 Defendant admits that the Subject Properties are subject to and bound by certain rules and regulations promulgated by the Subject Properties' Federal funding sources; Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3.3 and, therefore, denies them.

3.4 Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.4 and, therefore, denies.

3.5 Defendant admits that the Management Agreements applicable to each property defined the responsibilities of Defendant; Defendant denies that they have caused Plaintiffs to suffer monetary damages; Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3.5 and, therefore, denies them.

**A. The Management Agreements.**

3.6 Admit.

3.7 Admit.

3.8 Defendant admits that Management Agreements exist between Cascade and Spokane Housing Ventures and/or any affiliate of Spokane Housing Ventures; Defendant lacks



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

sufficient information to admit or deny the remaining allegations in paragraph 3.8 and, therefore, denies them.

3.9 Admit.

**B. Cascade's Mismanagement of the Subject Properties.**

3.10 Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.10 and, therefore, denies them.

3.11 Defendant admits that Plaintiffs terminated each of the Management Agreements; Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3.11 and, therefore, denies them.

3.12 Admit.

3.13 Defendant denies that it breached the Management Agreements. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3.13 and, therefore, denies them.

3.14 Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.14 and, therefore, denies them.

3.15 Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.15 and, therefore, denies them.

a. Paragraph 3.15(a) is denied as specifically stated.

b. Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.15(b) and, therefore, denies them.

c. Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.15(c) and, therefore, denies them.

d. Paragraph 3.15(d) is denied as specifically stated.

e. Defendant denies that they properly failed to remediate storm damage at the Hilltop Property; Defendant denies that they failed to timely address the storm damage; Defendant lacks sufficient information to admit or deny the remaining allegations in



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

paragraph 3.15(e) and, therefore, denies them.

f. Paragraph 3.15(f) is denied as specifically stated.

g. Paragraph 3.15(g) is denied as specifically stated.

h. Paragraph 3.15(h) is denied as specifically stated.

3.16 Deny.

3.17 Defendant admits that it is entitled to unpaid management fees and reimbursement of project expenses under the Management Agreements; Defendant denies the remaining allegations in paragraph 3.17.

**C. The City Code Violation**

3.18 Defendant admits that on or about April 3, 2026, the City of Port Townsend issued a Notice of Violation against the Nor'West Village Property; Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3.18 and, therefore, denies them.

3.19 Deny.

3.20 Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.20 and, therefore, denies them.

3.21 Deny.

3.22 Deny.

3.23 Deny.

3.24 Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.24 and, therefore, denies them.

3.25 Defendant lacks sufficient information to admit or deny the allegations in paragraph 3.25 and, therefore, denies them.

3.26 Deny.

3.27 Deny.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## IV. CAUSE OF ACTION: BREACH OF CONTRACT

4.1 Defendant restates all previous responses as though said responses are set out fully herein.

4.2 Defendant admits that there are Management Agreements and certain addenda applicable to the properties at issue; Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 4.2 and, therefore, denies them.

4.3 Defendants admit that Cascade was responsible for management responsibilities pursuant to the Management Agreements as to the Subject Properties. Defendant admits that its responsibilities are governed by the Management Agreements and any applicable addenda. Defendant lacks sufficient information to admit or deny the remaining allegations in 4.3 and, therefore, denies them.

4.4 Deny.

4.5 Deny.

## V. PLAINTIFFS' REQUEST FOR RELIEF

5.1 Deny.

5.2 Deny.

5.3 Deny.

5.4 Deny.

5.5 Deny.

As to any allegation that has not been specifically admitted or denied herein, Defendant denies said allegation.

## VI. AFFIRMATIVE DEFENSES

By way of further answer to Plaintiffs' Complaint, Defendant alleges the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2. The Complaint fails to allege sufficient facts or claims to support the recovery of the damages and relief sought in the Complaint.

3. Plaintiffs' damages, if any, were caused or contributed to by Plaintiffs' own acts and/or omissions.

4. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and/or their agent(s) failed to mitigate and/or minimize Plaintiffs' damages.

5. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' damages were proximately caused by the acts and omissions of third parties.

6. Plaintiffs' claims are barred, in whole or in part, to the extent any alleged damages to Plaintiffs did not result from and/or was not proximately caused by Defendant's alleged acts or omissions.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine consent.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrine of forfeiture.

11. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

13. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

14. The alleged damages, if any, may have existed before or independently from the allegations in the Complaint and recovery, therefore, shall be precluded or diminished as required by law.

15. Plaintiffs' claimed damages, if any, may have been caused by subsequent and unrelated events and Defendant is not responsible for those damages, if any.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

16. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are seeking damages that are not properly recoverable under the theories set forth in the Complaint, including, but not limited to, attorneys' fees and/or punitive damages.

17. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to comply with their own contractual obligations.

18. Plaintiffs' claims and alleged damages are subject to, limited by, and/or barred by the terms, conditions, limitations, exclusions, allocations of responsibility, remedies, notice requirements, and other provisions contained in the Management Agreements executed on or about December 1, 2021, and any and all subsequent amendments.

19. Plaintiffs' recovery, if any, is subject to setoff, offset, and/or recoupment for any amounts owed by Plaintiffs to Defendant.

Defendant reserves the right to assert additional affirmative defenses in the future during or following discovery.

## VII. COUNTERCLAIM

For Cascade Management Inc.'s ("Cascade," "Defendant" or "Counterclaimant") counterclaim against Spokane Housing Ventures, Nor'West Village-Port Townsend, LLC, NAHA-Danwood Limited Partnership, Glacier Village-Eatonville, LLC, Bishop Park Apartments-Port Townsend, LLC, and NAHA-Hilltop Associates Limited Partnership (collectively, "SHV Plaintiffs," "Plaintiffs" or "Counterclaim Defendants"), it states as follows:

## VIII. PARTIES

1. Cascade Management, Inc. (hereinafter, "Cascade," or "Defendant," or "Counterclaimant"), is an Oregon Corporation with its principal place of business in Washington.

2. Spokane Housing Ventures is a Washington nonprofit corporation with its principal place of business in Spokane, Washington.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3. Nor'West Village-Port Townsend, LLC is a Washington limited liability company that owns one of the subject properties and whose members are citizens of Washington and California.

4. NAHA-Danwood Limited Partnership is a Washington limited liability company that owns one of the subject properties and whose members are citizens of Washington.

5. Glacier Village-Eatonville, LLC is a Washington limited liability company that owns one of the subject properties and whose members are citizens of Washington, Delaware and California.

6. Bishop Park Apartments-Port Townsend, LLC is a Washington limited liability company that owns one of the subject properties and whose members are citizens of Washington, Delaware and California.

7. NAHA-Hilltop Associates Limited Partnership is a Washington limited partnership that owns one of the subject properties and whose members are citizens of Washington.

8. The parties set forth in Paragraphs 2-7 are collectively referred to as "SHV," "Defendants" or "Counter Defendants."

## IX. JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant's counterclaims against Plaintiffs pursuant to Fed. R. Civ. P. 13(b).

10. This Court also has diversity jurisdiction over Defendant's counterclaims because the claims constitute a civil action between citizens of different states where the amount in controversy exceeds $75,000.00.

11. Venue is proper in the Western District of Washington under 28. U.S.C. §§1391(b)(2).

## X. FACTUAL ALLEGATIONS

12. Plaintiffs commenced this lawsuit against Defendant on September 21, 2026, alleging Breach of Contract. Defendant has denied this claim.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

13. On or about December 1, 2021, the Plaintiffs and Defendant entered into five written Management Agreements and addenda thereto ("Management Agreements") wherein the Plaintiffs appointed Defendant to act as the property manager for each of the Subject Properties.

14. Under these Management Agreements, Defendant provided certain management services for the Subject Properties.

15. After the execution of the Management Agreements, Defendant managed the Subject Properties for the Plaintiffs.

16. When Defendant managed the Subject Properties, Plaintiff did not maintain adequate capitalization as to the Subject Properties.

17. Due to the inadequate funding, the Subject Properties could not operate profitably.

18. In an effort to alleviate the financial burden on Plaintiffs as Plaintiffs could not adequately fund the Subject Properties, Defendant reduced its fees in good faith by approximately $63,000.00 in management fees and project expense reimbursements.

19. On or about May 8, 2026, counsel for the Plaintiffs informed Cascade that the Management Agreements would be terminated on June 30, 2026.

20. Per the Management Agreements, Plaintiffs were to compensate Cascade for its management services under the Management Agreements by monthly fees to be paid from the General Operating Account.

21. Plaintiffs did not fully compensate Cascade for its services to the Subject Properties in the approximate amount of $17,000.

22. Defendant sustained damages in an amount to be proven at trial, including unpaid management fees, unreimbursed project expenses, and other amounts recoverable under the Management Agreements.

## XI. FIRST CAUSE OF ACTION

**(Breach of Contract)**

23. All prior paragraphs are re-alleged as though fully set forth herein.



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

24. The Management Agreements between Plaintiffs and Defendant are valid, enforceable, and binding contracts, and all provisions of the Management Agreements are valid, enforceable, and binding.

25. Pursuant to the Management Agreements, Defendant managed the Subject Properties.

26. Defendant managed the Subject Properties despite Plaintiffs inadequate capitalization as to the Subject Properties.

27. Plaintiffs breached the Management Agreements by refusing to adequately capitalize the Subject Properties.

28. Plaintiffs breached the Management Agreements by refusing to compensate Defendant for its services provided under the Management Agreements

29. Defendant is entitled to judgment in an amount to be proven at trial, plus all applicable interest, costs, and attorneys' fees resulting from Plaintiffs' breach of the Agreement.

## XII. SECOND CAUSE OF ACTION

**(Negligent Misrepresentation)**

30. All prior paragraphs are re-alleged as though fully set forth herein.

31. Plaintiffs made negligent representations regarding the condition(s) of the Subject Properties, as well as Plaintiffs' own capitalization as to the Subject Properties.

32. Plaintiffs' statements and representations were false and material.

33. Plaintiffs knew or should have known that their representations were false at the time the statements were made, or they failed to exercise reasonable care or competence in communicating those representations and statements to Defendant.

34. Plaintiffs had a duty to avoid negligent misrepresentation when they made the false and material statements and misrepresentations to Defendant.

35. Plaintiffs made statements and representations to induce Defendant into entering and performing pursuant to the Management Agreements, allowing the Plaintiffs to transfer the



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

management responsibilities to Defendant for the undercapitalized Subject Properties and to induce Defendant to provide management of the Subject Properties.

36. Defendant had the right to and did justifiably rely upon Plaintiffs' false statements and representations to Defendant.

37. Plaintiffs' wrongful conduct was the proximate cause of damages to Defendant.

38. As a direct and proximate result of Plaintiffs' negligent misrepresentations, Defendant has been damaged in an amount to be determined at trial, plus attorneys' fees and costs.

**XIII. THIRD CAUSE OF ACTION**

**(Violation of the Consumer Protection Act RCW § 19.86, *et seq.*)**

39. All prior paragraphs are re-alleged as though fully set forth herein.

40. Plaintiffs engaged in unfair and deceptive acts and practices, including, but not limited to, presenting the Subject Properties as adequately capitalized and/or representing that the Subject Properties would be adequately capitalized.

41. Plaintiffs' acts and practices are not reasonable in relation to the development and preservation of business and are therefore unlawful.

42. The above-referenced unfair and deceptive acts and practices occurred in the conduct of trade or commerce.

43. The above-referenced unfair and deceptive acts and practices affect the public interest.

44. The above-referenced unfair and deceptive acts and practices constitute a violation of Washington's Consumer Protection Act, RCW § 19.86, *et seq*.

45. As a direct and proximate result of the above-referenced unfair and deceptive acts and practices and violation of Washington's Consumer Protection Act, Defendant has been damaged in an amount to be proven at trial.



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## XIV. PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations contained in the Complaint, and having asserted affirmative defenses, Defendant prays as follows:

1. That Plaintiffs' claims against Defendant be dismissed with prejudice and that Plaintiffs recover nothing by them;
2. That Defendant be awarded damages on its Counterclaims in an amount to be proven at trial;
3. That Defendant be awarded all damages and other relief available for Plaintiffs' violations of the Washington Consumer Protection Act, RCW 19.86, *et seq.*;
4. That all costs and attorneys' fees incurred by Defendant be taxed against Plaintiffs, to the extent permitted by law; and
5. That Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated: October 15, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Todd A. Bowers*

Todd A. Bowers, WSBA #24638
tbowers@grsm.com
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822

*Attorneys for Defendant Cascade Management Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby declares, under penalty of perjury pursuant to the laws of the State of Washington and applicable local rules, that on this date the foregoing document was served on the following individuals in the manner indicated below:

| | |
|---|---|
| ***Attorneys for Plaintiffs***<br>**PAINE HAMBLEN, P.S.**<br>717 West Sprague Avenue, Suite 1200<br>Spokane, WA 99201-3505<br>Phone: (509) 455-6000 | Method of Service (mark all that apply):<br>☒ E-mail<br>☐ U.S. Mail (GR 13 and CR 5(b))<br>☐First-Class ☐Certified<br>☐ Hand Delivery<br>☐ Messenger Service<br>☒ Other: WAWD CM/ECF system<br>☐ Courtesy Copy Only |
| Matthew W. Daley, WSBA #36711 | mwd@painehamblen.com |

Dated: October 15, 2026

*/s/ David Diaz*
David Diaz, Legal Assistant
ddiaz@grsm.com



GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822