HONORABLE BENJAMIN H. SETTLE

MATTHEW W. DALEY, WSBA # 36711
PAINE HAMBLEN, P.S.
717 W. Sprague Avenue, Suite 1200
Spokane, Washington 99201
mwd@painehamblen.com

*Counsel for the SHV Plaintiffs*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

SPOKANE HOUSING VENTURES, a Washington non-profit Corporation, *et al.*

Plaintiffs,

v.

CASCADE MANAGEMENT, INC., an Oregon Corporation

Defendant.

---

CASCADE MANAGEMENT, INC., an Oregon Corporation

Counterclaim Plaintiff.

v.

SPOKANE HOUSING VENTURES, a Washington non-profit Corporation, *et al.*

Counterclaim Defendants,

No. 3:26-cv-06150-BHS

SHV PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO CASCADE'S COUNTERCLAIM

COMES NOW, Plaintiffs/Counterclaim Defendants ("SHV Plaintiffs"), by and through its attorneys of record, and hereby answers Defendant/Counterclaim Plaintiff Cascade Management, Inc.'s ("Cascade") Counterclaim as follows:

## I. PARTIES

1. In answering Paragraph 1 of Cascade's Counterclaim, the SHV Plaintiffs are without sufficient information to admit or deny the allegations contained therein, and as such, deny the same.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. This paragraph contains no allegation to which an answer is required. Alternatively, admit.

## II. JURISDICTION AND VENUE

9. The allegations in Paragraph 9 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they committed an act or omission giving rise to Cascade's Counterclaim but admit that this Court has jurisdiction over the parties.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

10. The allegations in Paragraph 10 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they committed an act or omission giving rise to Cascade's Counterclaim but admit that this Court has jurisdiction over the parties.

11. The allegations in Paragraph 11 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they committed an act or omission giving rise to Cascade's Counterclaim but admit that venue is proper in this Court.

## III. FACTUAL ALLEGATIONS

12. Admit that the SHV Plaintiffs commenced this action on September 21, 2026, against Cascade alleging Breach of Contract. Admit that Cascade denied the allegations within the SHV Plaintiffs' Complaint.

13. Admit.

14. Admit.

15. Admit.

16. Deny.

17. Deny.

18. In answering Paragraph 18 of Cascade's Counterclaim, the SHV Plaintiffs are without sufficient information to admit or deny the allegations contained therein, and as such, deny the same.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

19. Admit.

20. Admit.

21. Deny. By way of further answer the SHV Plaintiffs allege that due to Cascade's failure to properly collect rent and enforce leases under the management agreements the General Operating Account was inadequately funded.

22. Deny.

## IV. FIRST CAUSE OF ACTION
(Breach of Contract)

23. The SHV Plaintiffs reallege the admissions and denials as set forth above.

24. Admit.

25. Admit.

26. Deny that the Subject Properties were inadequately capitalized.

27. Deny.

28. Deny.

29. Deny.

## V. SECOND CAUSE OF ACTION
(Negligent Misrepresentation)

30. The SHV Plaintiffs reallege the admissions and denials as set forth above.

31. Deny.

32. Deny.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

33. The allegations in Paragraph 33 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they communicated false and material statements and misrepresentations to Cascade.

34. The allegations in Paragraph 34 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they communicated false and material statements and misrepresentations to Cascade.

35. Deny.

36. The allegations in Paragraph 36 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they communicated false and material statements and misrepresentations to Cascade.

37. Deny.

38. Deny.

## VI. THIRD CAUSE OF ACTION
(Violation of Consumer Protection Act RCW § 19.86, *et seq.*)

39. The SHV Plaintiffs realleges the admissions and denials as set forth above.

40. Deny.

41. Deny.

42. The allegations in Paragraph 42 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required,



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

required, the SHV Plaintiffs deny that they participated in unfair and deceptive acts and practices.

43. The allegations in Paragraph 43 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they participated in unfair and deceptive acts and practices.

44. The allegations in Paragraph 44 of Cascade's Counterclaim are legal conclusions which require no response. To the extent a response is required, the SHV Plaintiffs deny that they participated in unfair and deceptive acts and practices.

45. Deny.

## VII. PRAYER FOR RELIEF

1. This paragraph contains no allegation to which an answer is required. Alternatively, deny.

2. This paragraph contains no allegation to which an answer is required. Alternatively, deny.

3. This paragraph contains no allegation to which an answer is required. Alternatively, deny.

4. This paragraph contains no allegation to which an answer is required. Alternatively, deny.

5. This paragraph contains no allegation to which an answer is required. Alternatively, deny.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

## GENERAL RESPONSES & AFFIRMATIVE DEFENSES

For further answer to Cascade's Counterclaim, the SHV Plaintiffs assert the following general responses and affirmative defenses:

1. The SHV Plaintiffs specifically deny that any of the Counterclaim's causes of action are factual, supported, or legally justified.

2. The allegations made in the Counterclaim are factually inaccurate.

3. The SHV Plaintiffs deny that they engaged in any wrongful or tortious act or conduct with respect to Cascade.

4. The SHV Plaintiffs deny that their conduct proximately caused the damages sought by Cascade.

5. The SHV Plaintiffs deny that Cascade suffered the damages alleged herein.

6. Cascade failed to mitigate their claimed damages, if any.

7. Cascade's claims are barred in whole or in part because Cascade's alleged damages, if any, were the result of one or more intervening or superseding causes.

8. Cascade's damages are barred in whole or in part because they are speculative in nature and/or not otherwise recoverable under the law.

9. Any defense that is subject to litigation, dispute, discussion, or discovery shall be deemed asserted by the parties' consent without any specific amendment to this answer.



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000

10. The SHV Plaintiffs reserve the right to amend this answer, at any time, to conform to the evidence that is adduced in discovery or presented in litigation.

11. The SHV Plaintiffs reserve the right to amend this answer to include any affirmative defense or any other matter constituting an avoidance which may become apparent through the process of discovery.

Wherefore, having fully answered Cascade's Counterclaim, and asserted affirmative defenses thereto, the SHV Plaintiffs respectfully ask that the same be dismissed with prejudice, that Cascade be awarded nothing thereby, and that the SHV Plaintiffs be awarded their costs and reasonable attorneys' fees in accordance with law, together with such other relief as may be just and equitable.

DATED this 2nd day of November, 2026

**PAINE HAMBLEN, P.S.**

MATTHEW W. DALEY, WSBA # 36711
717 W. Sprague Avenue, Suite 1200
Spokane, Washington 99201
mwd@painehamblen.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I, Evelina Kozhokaru, hereby certify that on the 2nd day of November 2026:

1. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    a. tbowers@grsm.com

2. I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants at the address listed below:

    a. None

3. I hereby certify that I have electronically mailed the foregoing PLAINTIFF PML GOLD, LLC's REPLY to the following non-CM/ECF participants at the address listed below:

    a. None

/s/*Evelina Kozhokaru*
Evelina Kozhokaru, Legal Assistant



*PAINE HAMBLEN, P.S.*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505
PHONE (509) 455-6000